## MICHAEL MARGUES, PLAINTIFF-RESPONDENT, v. LEWIS MIR, DEFENDANT-APPELLANT.

Decided June 11, 1926

Negotiable Instruments—Promissory Note—Defendant Made a Series of Notes Falling Due at Stated Intervals Without Interest—Notes Were in Payment of Partner's Interest in Business—There was an Agreement That if Default was Made on Any One of the Notes, All Would Become Immediately Due—Default was Made on One of the Prior Notes—Upon Trial for This Default the Contention of Plaintiff That All Were Due was Not Sustained—This Did Not Constitute a Defense of Res Adjudicata for Default in Payment of This Note at Maturity.

On appeal from the Hudson County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Joseph M. Alsoform* (*Leo Blumberg*, of counsel).

For the respondent, *Alex. R. Desevo* (*Alexander Simpson*, of counsel).

PER CURIAM.

This is an appeal from a judgment of the Court of Common Pleas of Hudson county, in which tribunal a verdict was directed by the trial judge in favor of the plaintiff and against the defendant, in an action upon a promissory note for the sum of $2,000, with interest, from January 1st, 1925, which interest was calculated to be $120.

The two grounds of appeal relied on for reversal are—first, that the trial judge erred in directing a verdict for the plaintiff; second, that the trial judge erred in refusing to direct a verdict for the defendant.

The present action was brought to recover $2,000 due on a promissory note, of the following tenor:

"$2,000.                                    September 26th, 1922.

January 1st, 1925, after date, I promise to pay to the order of Michael Margues, two thousand dollars, without interest, value received.

Due January 1st, 1925.

No. 2.                                                LEWIS MIR."

To the plaintiff's complaint, after denying the allegations contained therein, the defendant set up the following defenses: 1. *"Res adjudicata."* 2. The note was executed without any consideration. 3. That the note was executed under duress.

The case came on for trial on May 25th, 1925, and the defendant, being called on behalf of the plaintiff, testified that he signed the note. He was asked: "Have you paid any part of the $2,000 due on it?" The witness answered, "No, sir." He was not cross-examined, and the plaintiff rested his case.

The defendant's counsel, on behalf of the defendant, offered in evidence the summons and the complaint in the case of Michael Margues against Lewis Mir, in the Hudson County Court of Common Pleas, tested August 2d, 1925. He also offered in evidence the amended answer, the rule for judgment entered January 22d, 1925, on motion of Alexander Simpson, attorney for plaintiff, in book 22 of the minutes of the Court of Common Pleas.

Joseph Alsofrom, the defendant's attorney, then took the stand and testified that he was attorney of record in a prior suit brought by the same plaintiff, Michael Margues, against Lewis Mir, the defendant, and that he was present at the trial, and that the plaintiff's *Exhibit P-1* was one of the notes included in the plaintiff's complaint and offered in evidence.

In that complaint the plaintiff sued to recover from the defendant the sum of $36,000, arising out of a transaction

between the parties, in which the plaintiff, being the owner of a one-third interest in the business, carried on by him with the defendant and another person, sold his interest in the business to the defendant on the 26th day of September, 1922, for the sum of $40,000, of which sum the defendant paid to the plaintiff $4,000 in cash and executed thirteen promissory notes for $2,000 each, payable without interest, the first note to fall due on January 1st, 1924, and of the remaining twelve notes, one was to become due and payable on January 1st of each succeeding year until the entire series was paid, so that the last note of the series was made due and payable on January 1st, 1926. The complaint further alleged that one of the notes was due on January 1st, 1923, and was not paid, and that, under an agreement had by the plaintiff with the defendant, if any of the notes was not paid in time, then the entire balance became due. And this was one of the issues involved in that action, and was decided adversely to the plaintiff by the jury. In so far as to that particular question the former case is controlling, and set the matter at rest. But no such issue was involved in the present action. Counsel of appellant states his position to be that, while it is true that on January 21st, 1925, the plaintiff offered in evidence the thirteen notes, it is not claimed that the matter is *res adjudicata* on all thirteen notes, but only upon the note now sued upon, for the reason that the former action was to recover thirteen promissory notes, and, therefore, the jury should have brought in its verdict for such of the notes as were due at the time of the trial January 21st, 1925, and there were two then due. This reasoning is, apparently, unsound. In the former case the action was brought on the first note due January 1st, 1924, in August, 1924, and which note was the only note then due and upon which the plaintiff could found his action, the jury having by its verdict found as a fact that there was no agreement between the parties to the effect that if a note remained unpaid at maturity the remainder of them shall become due and payable. The fact that the second note was due at the time of the trial was a matter of

no importance, since it was not due and payable at the time when the action was commenced to recover on the thirteen notes, and, furthermore, the only theory upon which a recovery could properly be predicated on the first note receives its legal force from the fact that the note was due when the plaintiff's action was brought.

The judgment is affirmed, with costs.